

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. J. S. Ellingson
General Manager
Texas Prison System
Huntsville, Texas

Dear Sir:

Opinion No. 0-3222
Re: Under the facts given
is a convict entitled
to discharge money?

Your request, dated February 24, 1941, for an
opinion from this department has been received and considered.
We quote from your request:

"I enclose copies of this inmate's re-
cords under the above numbers which are self-
explanatory.

"Please note under No. 37566 he began a
50 year sentence from Dallas County for Murder
on April 9, 1915 and on April 30, 1931 he was
granted a general parole by Governor Sterling,
however, on April 9, 1932 he was returned to
prison as a parole violator.

"On April 27, 1933 the Court of Criminal
Appeals confirmed a life sentence against this
inmate absorbing the unexpired portion of the
50 year sentence from Dallas County as No.
37566. On the life sentence he was given No.
73161.

"On December 9, 1940 this inmate completed
the 50 year sentence from Dallas County. It is
our understanding the governor has signed a
proclamation granting this inmate a Conditional
Pardon under his life sentence No. 73161 and
when he is released on this Conditional Pardon,
he will be given the prescribed clothing, $5.00
in Cash and a non-cashable transportation ticket

to the County of Conviction, however, as
Mackley has finished the 50 year sentence
mentioned above, he thinks he is due dis-
charge money on the 50 year sentence in ad-
dition to what he will receive when he is
released on the Conditional Pardon.

"We do not see how he could be due any
discharge money until he is actually dis-
charged from prison, however, we are not
sure. We would like to have your opinion
as to whether he is entitled to discharge
money for serving the 50 year sentence
while still serving his life sentence."

We have carefully considered your request and are of
the opinion that the question presented by you is moot for the
reason that in calculating the time served by the convict,
Mackley, under No. 37566, the fifty year sentence, according
to Conference Opinion No. 3010, written by H. L. Williford, on
December 9, 1937, to Honorable Bruce W. Bryant, Chairman of
Board of Pardons and Paroles, he is not entitled to be dis-
charged for having served said fifty year sentence. Accord-
ing to the certificates you have enclosed with your request,
Mackley has actually served twenty-four years, two months and
twenty days in prison on his fifty year sentence as of December
9, 1940. Under the opinion referred to above, he would be en-
titled to a maximum of nine years, four months and eight days
as commutation time for having served his actual time of twenty-
four years, two months and twenty days. By adding the actual
and commutation time to the nine years, two months and nine days
over time as shown on your certificate, it is shown that the
time actually served by the prisoner, Mackley, under No. 37566,
is forty-two years, nine months and seven days. This leaves a
total of seven years, two months and twenty-three days still to
be served by the prisoner on his fifty year sentence as of Dec-
ember 9, 1940.

Therefore, it is our opinion and you are so advised
that Mackley is not entitled to be discharged for having served
his fifty year sentence. Neither is it shown that he has been
given a full pardon for said offense thereby entitling him to
be discharged in that manner. Since he is not entitled to be
discharged under either of the above conditions, it is our
opinion he is not entitled to the discharge money provided for
in Article 6166al, Revised Civil Statutes, 1925. See Opinion

Honorable O. J. S. Ellingson, Page 3

No. O-1850, a copy of which is enclosed for your assistance.

We trust we have fully answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Harold McCracken*

Harold McCracken
Assistant

HM:RS

APPROVED MAR 19, 1941

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN